IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROSALINDA CAMARILLO<br><br>*Plaintiff,*<br><br>v.<br><br>LILI VETERINARY HOSPITAL, PLLC; and OBIAGELI OKAFOR<br><br>*Defendants.* | Civil Action No. 5:17-cv-305 |

# COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Rosalinda Camarillo, files this action against Lili Veterinary Hospital and Obiageli Okafor (collectively, "Defendants") to recover damages for violations of the Fair Labor and Standards Act ("FLSA") and would show the Court and jury as follows:

## I.    INTRODUCTORY STATEMENT

1.    Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a week without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working hours in excess of forty (40) hours in a week. *See*

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2.  However, Defendants attempted to circumvent the FLSA by failing to pay Plaintiff at this premium rate – time-and-one-half her regular rate for any hours where Plaintiff worked longer than forty (40) hours in a single workweek. Defendants paid Plaintiff the same hourly rate for all hours worked, including all hours over forty (40) in a single workweek in violation of Section 207 of the FLSA.

## II.   PARTIES

3.  Plaintiff, Rosalinda Camarillo, is a citizen and resident of Texas. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.  Ms. Camarillo's FLSA Consent is attached to this Complaint as "*Exhibit A*." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

5.  Defendant, Lili Veterinary Hospitals, PLLC ("Lili") is a Texas Professional Limited Liability Company. Lili can be served with process by serving its registered agent Obiageli Okafor, 198518 Brooke Place, San Antonio, Texas 78285 or wherever it may be found. Upon information and belief, Lili is engaged in operating and managing a veterinary hospital in San Antonio. At all times hereinafter mentioned, Lili is an employer with respect to Plaintiff. All work performed by Plaintiff was done at Lili in San Antonio, Texas.

6. Defendant, Dr. Obiageli Okafor ("Okafor"), is a resident of Texas. At all times hereinafter mentioned, Okafor was an employer with respect to Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Okafor can be served with process at 198518 Brooke Place, San Antonio, Texas 78285 or wherever she may be found.

## II.  JURISDICTION AND VENUE

7. This Court has jurisdiction over the Fair Labor Standards Act ("FLSA") claim because the FLSA arises under federal law. Jurisdiction is conferred upon the Court by sections 28 U.S.C. § 1331.

8. This Court has jurisdiction over the parties because Defendants are doing business in Texas and employing Texas residents to work at Defendants' Texas business location in San Antonio, Texas.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) insofar as Defendant MDPS, has its principal office in this Judicial District.

## III.  FLSA STATUTORY COVERAGE

10. At all times material, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. At all times material, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Upon information and belief, at all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 for each of the years 2014, 2015, 2016.

14. At all times material, Plaintiff was Defendants' employee, and Plaintiff was engaged in commerce or in the production of goods for commerce while working for Defendant as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiff has handled goods that were passing through or affecting interstate commerce, and engaged in activities that affected people and goods that were traveling through interstate commerce.

15. Defendants have willfully violated and are violating Section 207 of the FLSA, by employing employees, including Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating Plaintiff in accordance with the overtime cited therein. *See* 29 U.S.C. § 207.

### IV. FACTUAL BACKGROUND

16. Defendant Lili's gross receipts exceeded $500,000 for the year 2015.

17. Defendant Lili's gross receipts exceeded $500,000 for the year 2016.

18. Defendant Lili's gross receipts exceeded $500,000 for the cumulative four (4) quarters prior to the filing of this lawsuit.

19. Upon information and belief, Defendant, Okafor, is the sole managing-member of Lili and oversees the day-to-day operations.

20. Defendant Okafor exerted sufficient control over significant aspects of Plaintiff's employment, including determining rate of pay, implementing payment policies, setting work schedules, terminating Plaintiff's employment, and implementing other employment policies and procedures.

21. Plaintiff was employed by Defendants as a Veterinary Technician in San Antonio, Texas starting on or about November of 2015.

22. Since the start of her employment, Plaintiff was an employee as that term is defined by the FLSA and relevant case law. *See e.g.*29 U.S.C §203(e)(1), *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344 (1992).

23. Plaintiff regularly worked over forty (40) hours in a single workweek.

24. However, Defendants did not pay Plaintiff time-and-one-half her regular rate of pay for the hours that she worked over forty (40) in a workweek.

25. Instead, Defendants paid Plaintiff the same hourly rate for all hours worked, whether or not those hours were in excess of forty (40) in a single workweek. In short, Plaintiff was paid straight time for overtime, rather than time-and-one-half her regular rate of pay for hours over forty (40) in a workweek.

26. Further, upon information and belief, Defendants adjusted downward the hours Plaintiff logged in order to reduce the hours Defendants owed Plaintiff.

27. In addition to shaving time off Plaintiff's time records, Defendants also subtracted approximately an hour each day for a lunch break whether Plaintiff worked through lunch or not.

28. Plaintiff regularly worked through lunch, but Defendants did not compensate Plaintiff for this hour of work.

29. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and a reasonable belief that its conduct complied with the FLSA.

30. Defendants are employers subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of all hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

### V. CAUSE OF ACTION: OVERTIME VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

31. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees, including Plaintiff, and failing to compensate Plaintiff at rates less than one-and-one-half times the regular rate for weeks where Plaintiff worked more than forty (40) hours in a single workweek.

32. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the overtime rate are applicable to Defendants or Plaintiff.

33. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA and thus are liable for an amount of liquidated damages pursuant to Section 216 of the FLSA.

## VI. DAMAGES SOUGHT

34. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a. All unpaid compensation due for violations of the FLSA – including unpaid overtime and liquidated damages;

   b. All reasonable and necessary Attorneys' fees and costs incurred by or on behalf of Plaintiff as permitted under Section 216(b) of the FLSA; and

   c. For any other relief to which Plaintiff may show herself justly entitled.

## VII. JURY DEMAND

35. Plaintiff hereby makes a demand for a jury trial on all issues, claims, and defenses in this action.

## VIII. PRAYER

36. WHEREFORE, cause having been shown, Plaintiff Rosalinda Camarillo prays for judgment against Defendants jointly and severally as follows:

   a. For an Order pursuant to Section 216(b) of the FLSA finding Defendant jointly and severally liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

   b. For an Order awarding Plaintiff her attorneys' fees; and

    c.        For an Order awarding Plaintiff the costs of this action; and

    d.        For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax
**ATTORNEY FOR PLAINTIFF**

# Exhibit A
"FLSA Consent"

DocuSign Envelope ID: AB17A182-8D9E-4E7B-B8F2-8E8BA33E5BDD

## Notice of Consent

      I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

DocuSigned by:

*[signature]*
76CFC57996344F7...

**Signature**

Rose Camarillo

**Printed Name**

2/15/2017

**Date**

Exhibit A